UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
         Plaintiff,

v.

NICOLA KILCUP,
         Defendant.

Case No. CR08-82RSL

ORDER GRANTING IN PART
MOTION TO RECONSIDER
AND TO REDUCE SENTENCE

This matter comes before the Court on Defendant's "Motion to Reconsider and to Reduce Sentence" (Dkt. # 747). Defendant asks the Court to reconsider its denial of her prior pro se motion to reduce her 144-month custodial sentence pursuant to Amendment 750 to the United States Sentencing Guidelines. The Court GRANTS her motion IN PART. It reduces her custodial sentence to 132 months.

## I. BACKGROUND

Defendant pleaded guilty on August 4, 2008, to one count of conspiring to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. Compare Dkt. # 256, with Dkt. # 138. The offenses carried a 10-year minimum mandatory sentence. In her plea, she acknowledged and stipulated that she had conspired to distribute at least 103.1 net grams of a mixture containing cocaine base and approximately 65.8 net grams of powder cocaine.[1] Dkt. # 265 at 5.

---

[1] Contrary to the United States' representations and this Court's prior Order, Defendant only stipulated that her offense "involved five (5) grams or more of a mixture or substance containing cocaine, or fifty grams (50) or more of a mixture or substance containing cocaine

ORDER GRANTING IN PART MOTION TO RECONSIDER AND TO REDUCE SENTENCE - 1

At sentencing, the Court chose to adhere to the terms of the plea. Dkt. # 747-1. As the newly submitted Statement of Reasons reflects, "the Court found the base offense level to be 32[] based on 103.1 net grams of crack cocaine and 65.8 grams of powder cocaine." Dkt. # 747-4; see U.S.S.G. § 2D1.1 (Drug Quantity Tables). The Court then adjusted upward two levels for Defendant's role in the offense, U.S.S.G. § 3B1.1, and two levels for her possession of a dangerous weapon, § 2D1.1(b)(1), before adjusting downward three levels for her acceptance of responsibility, U.S.S.G. § 3E1.1. This resulted in a net offense level of 33, which, combined with the Court's finding of a category I criminal history, Dkt. # 747-1, resulted in a Guidelines range of 135 to 168 months. The Court imposed a custodial term of 144 months. Dkt. # 708.

## II. DISCUSSION

### A. Eligibility

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009). Defendant satisfies both prongs.

First, the Court sentenced Defendant pursuant to § 2D1.1(c), which was amended by Amendment 750 on November 1, 2011. Post-amendment, the same drug quantities would score as a 26, § 2D1.1(c)(7) (equivalent of 381.33 kilograms of marihuana), resulting in a net offense level of 27 and a Guidelines range of 70 to 87 months (assuming a criminal history category of I). U.S.S.G. Sentencing Table, Ch. 5.

---

base." Dkt. # 265 at 2 (emphasis added). Contra, e.g., Dkt. # 735 at 1–2 (relying on the fact that Defendant had stipulated to "conspiring to distribute at least five kilograms of cocaine and more than 50 grams of cocaine base" (emphasis added)).

ORDER GRANTING IN PART MOTION TO RECONSIDER AND TO REDUCE SENTENCE - 2

Second, a reduction is consistent with the Commission's policy statements. The Court has "authority" to reduce, § 1B1.10(a), because Amendment 750 lowered the Guidelines range "applicable" to the Defendant "before consideration of any departure provision in the Guidelines Manual or any variance."[2] § 1B1.10 cmt. 1(A). And a reduction is "warranted," § 1B1.10(b), because her "amended guideline range," an inquiry distinct from the "applicable" range concern of subsection (a), was lowered by Amendment 750.[3]

In sum, Defendant is eligible for a reduction.

**B. Discretion**

Having determined that Defendant is eligible for a reduction, the Court must consider whether a reduction is "warranted in whole or in part under the particular circumstances of the case." Dillon v. United States, 130 S. Ct. 2683, 2692 (2010). In doing so, the Court must consider the familiar 18 U.S.C. § 3553(a) factors, § 3582(c)(2), as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and "may consider post-sentencing conduct." § 1B1.10 cmt. 1. The Court notes that Defendant does not dispute that the ten-year minimum mandatory term still applies. E.g., United States v. Baptist, 646 F.3d 1225, 1227–29 (9th Cir. 2011) (per curiam).

The Court has again considered each of the § 3553(a) factors. And, again, the Court finds the 144-month term to be "sufficient, but not greater than necessary." § 3553(a). The fact that Defendant was "the motivating force" in a major drug

---

[2] The Court notes that the result could differ depending on the nature of the departure. For example, were the Court to depart from an otherwise applicable career offender range and sentence a defendant according to a § 2D1.1 range, that departure would have to be ignored for purposes of calculating that defendant's "applicable guideline range." § 1B1.10 cmt. 1.

[3] As explained by the Commission, "In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." § 1B1.10 cmt. 2 (emphasis added).

ORDER GRANTING IN PART MOTION TO RECONSIDER AND TO REDUCE SENTENCE - 3

distributing enterprise still weighs heavily on the Court, Dkt. # 747-1 at 10, as does the fact that co-defendants with nearly identical culpability netted terms of 156 months and 180 months. Cf. United States v. Lightfoot, 626 F.3d 1092, 1096 (9th Cir. 2010).

Nevertheless, the Court does recognize that Defendant has made some efforts to better herself while incarcerated, completing courses in drug education, stress management, and other personal improvement and workforce preparedness programs. E.g., Dkt. ## 701-1, 747-2. And while these actions do not alleviate the Court's original concerns or convince the Court that Defendant is no longer a danger to the community, Lightfoot, 626 F.3d at 1096, the Court will exercise its discretion to reduce Defendant's sentence by 12 months in recognition of those efforts.

In sum, the Court finds that "the particular circumstances of the case" warrant a reduction "in part." Dillon, 130 S. Ct. at 2692. The Court exercises its discretion to reduce Defendant's custodial sentence from 144 to 132 months.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion is GRANTED IN PART. Pursuant to § 3582(c)(2), Defendant's imposed sentence of imprisonment is reduced to 132 months. The Court directs the Defendant and the United States to provide chambers with an amended judgment order form that reflects this change.

DATED this 5th day of September, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge